**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01488-CMA-MEH

UNITED STATES OF AMERICA, for the use of
SUPERIOR STEEL CONNECTORS CORPORATION,

      Plaintiff,

v.

RK SPECIALTIES INC.;
RK MECHANICAL INC.;
GREAT AMERICAN INSURANCE COMPANY,

      Defendants.

---

## ORDER STAYING PROCEEDINGS PENDING ARBITRATION

---

This matter is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), or Alternatively, to Stay Proceedings (Doc. # 4) of Defendants RK Specialities, Inc. (RKS) and RK Mechanical, Inc. (RK Mechanical), and on Plaintiff's Cross Motion to Stay Arbitration and Demand for Jury Trial Pursuant to 9 U.S.C. § 4 (Doc. # 12).  For the following reasons, Defendants' Motion is granted in part to the extent it seeks to stay the proceedings, denied in part to the extent it seeks to dismiss any or all claims for lack of subject matter jurisdiction, and stayed in part to the extent it seeks to dismiss on the merits for failure to state a claim.  Plaintiff's Cross Motion is denied.

# I.  BACKGROUND

Plaintiff Superior Steel Connectors Corporation (SSC) is a Colorado corporation in the steel construction business.  (Doc. # 1 at 1–2.)  Defendants RKS and RK Mechanical are Colorado corporations.  (*Id.* at 2.)  RKS is a corporate subsidiary of RK Mechanical.  (*Id.* at 5.)  Defendant Great American Insurance Company (GAIC) is an Ohio corporation.  (*Id.* at 2.)

## A.    THE UNDERLYING SUBCONTRACT

This action arises from the parties' dispute concerning a subcontract for a facility in Boulder undertaken by the National Institute for Standards and Technology (NIST). (*Id.* at 1.)  NIST hired a prime contractor for the facility that later subcontracted certain aspects to RK Mechanical.  (Doc. # 4 at 3.)  GAIC issued a payment bond in connection with this subcontract between the prime contractor and RK Mechanical.  (Doc. # 5 at 1.) In turn, RK Mechanical hired RKS to fabricate and supply steel, and RKS entered into a subcontract (the Subcontract) with SSC for SSC to perform the steel construction for the facility.  (Doc. # 1 at 3.)

SSC began the contracted work on November 22, 2010 (Doc. # 1 at 4); however, RKS terminated the Subcontract by notice on February 21, 2011.  (Doc. # 1 at 5.)  SSC and RKS dispute whether SSC complied with specifications of the Subcontract.  (Doc. # 4 at 3.)  RKS withheld payment on the belief that SSC was in breach of the Subcontract.  (*Id.*)

2

**B.     ARBITRATION PROCEEDINGS**

The Subcontract, dated May 27, 2010, contains an arbitration provision that

states, in pertinent part:

> 14.2  AGREEMENT TO ARBITRATE.  Any controversy or claim arising
> out of or related to the Subcontract, or the breach thereof, shall, at the
> election of RKS, be settled by either litigation or binding arbitration in
> accordance with the Construction Industry Arbitration Rules of the
> American Arbitration Association.  RKS will make such election within
> 10 business days of being notified of Subcontractor's intent to file a
> formal action against RKS.  In the event RKS initiates a claim, the choice
> of forum (arbitration or litigation) shall be evident by the initiation of formal
> proceedings in that forum by RKS.
>
> If arbitration is elected, any award rendered by the arbitrator or arbitrators
> shall be final, and judgment may be rendered upon it in accordance with
> applicable law in any court having jurisdiction thereof.

(Doc. # 4, Ex. A at 12.)

On March 2, 2011, SSC gave notice to RKS of its intent to "commence

proceedings."  (Docs. ## 9, Ex. B at 4; 11 at 7.)  SSC and RKS dispute whether this

amounted to notice of "Subcontractor's intent to file a formal action against RKS" as

required by the arbitration provision.  (Doc. # 9, Ex. B at 4.)  The parties also dispute

whether this notice triggered the ten-day period for RKS to elect between arbitration and

litigation.  (Doc. # 11 at 7.)

On April 14, 2011, RKS gave notice to SSC of its demand for arbitration.  (*Id.*

at 8.)  On April 26, 2011, RKS filed its demand for arbitration.  (Doc. # 4 at 4.)

Subsequently, the parties initiated arbitration proceedings through the American

Arbitration Association (AAA).  (*Id.*)

3

## C.    PROCEDURAL HISTORY

On June 7, 2011, SSC initiated this action by filing a Complaint alleging the

following claims for relief: (1) breach of contract, (2) unjust enrichment, (3) negligent

misrepresentation, (4) breach of the covenant of good faith and fair dealing, and

(5) payment owed under the Miller Act, 40 U.S.C. § 3133.  (Doc. # 1.)

On June 24, 2011, Defendants RK Mechanical and RKS filed a Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or alternatively, to stay

proceedings.  (Doc. # 4.)  In seeking dismissal, they argue that the arbitration clause

divested this Court of jurisdiction under Fed. R. Civ. P. 12(b)(1).  (*Id.* at 6–9.)  They also

seek dismissal under Rule 12(b)(6), arguing that SSC fails to state claims for unjust

enrichment, negligent misrepresentation, and breach of the covenant of good faith

and fair dealing.  (*Id.* 10–13.)  GAIC joined this Motion on June 29, 2011.  (Doc. # 5.)

On July 25, 2011, SSC responded to the Motion to Dismiss, arguing that juris-

diction was proper because RKS and RK Mechanical waived their right to arbitrate the

dispute by failing to timely elect arbitration according to the Subcontract's arbitration

provision.  (Doc. # 11.)  On August 9, 2011, RKS and RK Mechanical replied (Doc.

# 14), and on August 10, 2011, GAIC joined the Reply.  (Doc. # 15.)

On July 25, 2011, SSC filed a Cross Motion to stay the arbitration and demand

a jury trial under 9 U.S.C. § 4.  (Doc. # 12.)  SSC again asserts that Defendants waived

their right to arbitrate or that a jury should resolve the issue if disputed issues of material

fact remain.  (*Id.* at 8–9.)  On August 15, 2011, Defendants responded.  (Doc. # 16.)

Prior to filing its Response to the Motion to Dismiss (Doc. # 11) and its own Cross Motion (Doc. # 12), SSC raised this same waiver issue when it moved to dismiss the related arbitration proceedings.  (Doc. # 9, Ex. B.)  On June 24, 2011, the arbitrator denied SSC's motion to dismiss.  (*Id.*)  He found that SSC's notice was insufficient and that RKS's arbitration demand initiated its own separate claim and therefore was not an untimely election in response to SSC's notice.  (*Id.* at 8-9.)  On July 18, 2011, the arbitrator denied SSC's motion to reconsider.  (Doc. # 9, Ex. C.)

## II.  ANALYSIS

### A.    THE COURT'S JURISDICTION TO CONSIDER THE CLAIMS

Defendants argue that initiation of arbitration proceedings under the arbitration provision in the Subcontract divests this Court of subject matter jurisdiction and that several of SSC's claims should be dismissed under Fed. R. Civ. P. 12(b)(6).  (Doc. # 4 at 6–9.)  In the alternative, Defendants seek a stay of the proceedings pending arbitration.  (*Id.*)  SSC asserts that jurisdiction is proper because Defendants waived their right to arbitration by not timely electing it.  (Doc. # 11 at 13–14.)[1]

Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).  Rule 12(b)(1)

---

[1] Because, as discussed below, a stay of the action on the merits pending arbitration is appropriate, the Court need not set out the standard of review or the relevant facts for the Rule 12(b)(6) motion.

challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

"The mere existence of an arbitration agreement . . . does not divest a federal court of subject matter jurisdiction." *Will v. Parsons Evergreene, LLC*, No. 08-cv-00898, 2008 WL 5330681, at *1 (D. Colo. Dec. 19, 2008) (unpublished).  Section 3 of the Federal Arbitration Act (FAA) provides that the Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. § 3.

The Tenth Circuit has long held that actions must be stayed, rather than dismissed, pending arbitration.  *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (district court erred in dismissing action when "[t]he proper course . . . would have been for the district court to grant Defendant's motion and stay the action pending arbitration"); *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing

supervision by the district court to ensure that arbitration proceedings are conducted

within a reasonable period of time, thus preventing any impairment of the plaintiffs'

rights to seek relief.").  The Court is bound by this precedent.

Therefore, the only remaining inquiry for the Court under 9 U.S.C. § 3 is the

arbitrability of SSC's claims, *i.e.*, whether an enforceable arbitration agreement exists

and whether the claims in this action are subject to that agreement.  If the claims are

arbitrable, then a stay of the proceedings will be the appropriate disposition.

## B.   ARBITRABILITY OF SSC'S CLAIMS

SSC argues that the claims pending in this Court are not arbitrable due to RKS's

alleged waiver.  (Doc. # 11 at 13–14.)  SSC additionally seeks a stay of the arbitration

proceedings and a jury trial to resolve the issue of arbitrability.  (Doc. # 12.)  In

response, RKS and RK Mechanical point to the arbitration clause in the parties'

Subcontract and argue that SSC does not dispute that the agreement to arbitrate exists

but, rather, disputes whether RKS waived its existing right to arbitrate.  (Docs. ## 14 at

4–5; 16 at 2–5.)

"[T]he question of arbitrability – whether a [contract] creates a duty for the parties

to arbitrate the particular grievance – is undeniably an issue for judicial determination."

*Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir.

1998) (quoting *AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)).

The Court conducts only a "limited inquiry" into two substantive arbitrability issues:

(1) whether a valid agreement to arbitrate exists and (2) "whether the specific dispute

falls within the scope of that agreement." *Pikes Peak Nephrology Assocs., P.C. v. Total Renal Care*, No. 09-cv-00928, 2010 WL 1348326, at *5 (D. Colo. Mar. 30, 2010) (unpublished) (quoting *Houlihan v. Offerman & Co.*, 31 F.3d 692, 694–95 (8th Cir. 1994)).

Parties shall not be ordered to arbitrate until this Court is satisfied that "the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. "The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997). To resolve this threshold matter, courts require the party seeking arbitration, here Defendants RKS and RK Mechanical, to bear the initial burden of presenting sufficient evidence to demonstrate the existence of an enforceable arbitration agreement. *See Goodwin v. H.M. Brown & Assocs., Inc.*, No. 10-cv-01205, 2011 WL 820025, at *3 (D. Colo. Mar. 2, 2011) (unpublished) (citing *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005)). If this burden is met, the burden shifts to SSC to show that there is a "genuine issue of material fact as to the making of the agreement, using evidence comparable to that identified in Fed. R. Civ. P. 56." *Id.* (quoting *Stein*, 396 F. Supp. 2d at 1213). A trial is required where a genuine issue of material fact exists. *Id.*; *see* 9 U.S.C. § 4.

In this case, the parties do not dispute that an enforceable arbitration agreement exists. Although SSC frames the "essential question" as whether "the parties mutually agreed to submit the instant controversy to arbitration," its arguments do not hinge

on whether the parties mutually intended to *enter* into an enforceable agreement to arbitrate. (Doc. # 12 at 6.) Rather, SSC's arguments center on whether arbitration is allowed based on RKS's alleged noncompliance with the *existing* agreement to arbitrate. (*Id.* at 7–8.) In fact, SSC concedes that "RKS did have the contractual right at one point in this matter to have this dispute arbitrated." (*Id.* at 8.)

As to the second "limited inquiry" performed by the Court, the parties do not dispute whether SSC's claims fall within the agreement's scope. It appears to the Court that all five of SSC's claims fall within the scope of the broad arbitration clause and are therefore subject to arbitration. (Doc. # 4, Ex. A at 12) (allowing arbitration for "[a]ny controversy or claim arising out of or related to the Subcontract, or the breach thereof"). None of the parties have raised arguments to the contrary.

Thus, no other substantive arbitrability issues remain. The only disputed issue – whether RKS and RK Mechanical waived their contractual right to arbitrate – is a procedural one. "[I]n the absence of an agreement to the contrary . . . issues of procedural arbitrability, *i.e.*, whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) (quoting the Revised Uniform Arbitration Act of 2000 (RUAA) § 6(c) cmt. 2) (emphasis in original). Therefore, the issue of waiver by failing to timely elect arbitration is not a substantive arbitrability issue for the Court but a procedural one for the arbitrator. *Id.* The Court notes that, prior to SSC's filing of its Response to the Motion

9

to Dismiss (Doc. # 11) and Cross Motion (Doc. # 12), the arbitrator in the pending proceedings had ruled, and had denied a motion to reconsider the ruling, that RKS's choice of arbitration was valid.  (Doc. # 9, Ex. B; Ex. C.)  The parties do not dispute that the arbitrator had authority to decide the waiver issue.

Accordingly, RKS and RK Mechanical have met their initial burden to present sufficient evidence demonstrating the existence of an enforceable arbitration agreement.  SSC has not demonstrated that a genuine issue of material fact exists as to the making of that agreement or as to the scope of the agreement, and SSC is therefore not entitled to a jury trial on the issue.  Because the Court is satisfied that the claims here are arbitrable, the Court concludes that a stay of this action pending the arbitration is warranted under 9 U.S.C. § 3.[2]

---

[2] Because the Court finds that a stay of this action is appropriate, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for SSC's failure to state specific claims (Doc. # 4 at 10–13) will also be stayed pending the arbitration proceedings.

## C.   DEFENDANTS' REQUESTS FOR ATTORNEYS' FEES

In their Motion to Dismiss (Doc. # 4 at 14–15) and their Response to SSC's

Cross Motion (Doc. # 16 at 7–8), Defendants[3] seek an award of costs and attorneys'

fees pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(b).[4]

Under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the

proceedings in any case unreasonably and vexatiously may be required by the court to

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct."  "Sanctions are appropriate [under § 1927] when an attorney

acts recklessly or with indifference to the law; is cavalier or bent on misleading the

court; intentionally acts without a plausible basis; or when the entire course of the

proceedings is unwarranted."  *Eberly v. Manning*, 258 F. Appx 224, 227 (10th Cir.

2007) (unpublished).  The Tenth Circuit does not require a finding of bad faith under

§ 1927.  *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008).

Awards under § 1927 are granted "only in instances evidencing a serious and standard

disregard for the orderly process of justice."  *Dreiling v. Peugeot Motors of Am., Inc.*,

768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotation marks and citations omitted).

---

[3] Although GAIC was not listed on the Motion to Dismiss (Doc. # 4) or the Reply (Doc. # 14), it subsequently joined both motions.  GAIC filed the Response to SSC's Cross Motion together with RKS and RK Mechanical (Doc. # 16), and therefore did not need to join it later.

[4] They also seek attorneys' fees pursuant to § 15.4 of the Subcontract (Doc. # 4 at 13), which provides, in pertinent part, that "[s]hould Subcontractor bring a claim against RKS which is unsuccessful in whole or in part, then the substantial prevailing party shall be entitled to recover its attorney's fees incurred in defending such claim."  (Doc. # 4, Ex. A at 12.)  Because the success of the claims on the merits is subject to arbitration, this Court defers any potential award of attorneys' fees under the Subcontract to the arbitrator.

However, sanctions can be imposed on counsel who "repeatedly attempt to litigate matters that have been decided or who continue to pursue claims that are no longer reasonable." *Sangui Biotech Intern., Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1243–44 (D. Colo. 2002).

The Court may award sanctions for violations of Rule 11 when a pleading or motion is for an improper purpose, contains claims or contentions not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," or contains factual contentions that lack evidentiary support.  Fed. R. Civ. P. 11(b)–(c).   The Tenth Circuit has "adopted the view that an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)).   "A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id.*

     1.   <u>Costs and Fees in Connection with the Motion to Dismiss</u>

In their Motion to Dismiss, Defendants seek attorneys' fees and costs under § 1927 for SSC's multiplication of proceedings by "filing this action with the knowledge that arbitration is pending between the parties and that the claims asserted in this suit are subject to the arbitration agreement contained in the Subcontract."  (Doc. # 4 at 14.) However, the "unambiguous statutory language [of § 1927] necessarily excludes the complaint that gives birth to the proceedings, as it is not possible to multiply

proceedings until *after* those proceedings have begun." *Steiner v. Winn Group, Inc.*, 440 F.3d 1214, 1224–25 (10th Cir. 2006) (emphasis in original).  Therefore, fees or costs incurred in connection with the Motion to Dismiss cannot be awarded on the basis of § 1927 because SSC could not have multiplied proceedings until after the Motion to Dismiss.  *See Roth v. Spruell*, 388 F. Appx 830, 836 (10th Cir. 2010) (unpublished).

Defendants also argue that SSC's claims for negligent misrepresentation and unjust enrichment are frivolous and groundless and subject to Rule 11 sanctions.  (Doc. # 4 at 15.)  But because the Court has stayed the proceedings, including the Motion to Dismiss to the extent it seeks dismissal on the merits, the Court will not address related Rule 11 sanctions at this time.  Furthermore, because these claims are subject to arbitration and, therefore, to the arbitrator's discretion to award attorneys' fees pursuant to § 15.4 of the Subcontract, as discussed above, this Court also defers to the arbitrator any award of attorneys' fees associated with these claims.

Accordingly, Defendants' request for attorneys' fees in connection with the Motion to Dismiss (Doc. # 4) is denied.

2.     Costs and Fees after the Motion to Dismiss

Defendants also argue that SSC has multiplied the proceedings by filing its Cross Motion in direct contradiction of existing Supreme Court precedent and after the arbitrator had ruled on the issue.  (Doc. # 16 at 8; *see also* Doc. # 14 at 10 (requesting attorneys' fees and costs in Reply to SSC's Response to the Motion to Dismiss).)

As noted above, SSC's Response to the Motion to Dismiss (Doc. # 11) and Cross Motion (Doc. # 12) hinge on the argument that RKS and RK Mechanical waived their right to arbitrate under the Subcontract.  At the time RKS and RK Mechanical filed their Motion to Dismiss on June 24, 2011, the arbitrator had not yet ruled on the waiver issue.  (Doc. # 4 at 4.)  But on July 25, 2011, when SSC filed its Response to the Motion to Dismiss and its Cross Motion, one week had passed since the arbitrator had denied the motion to reconsider SSC's waiver argument in seeking to dismiss the arbitration. (Doc. # 9, Ex. C.)

Nonetheless, SSC raises before this Court the same waiver issue in its Response and Cross Motion.  Not only is this an attempt to re-litigate matters "after it becomes clear that the position or claim is unfounded," *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000), but SSC ignores clear precedent from the Supreme Court that waiver and time limit issues are procedural matters for the arbitrator, *see Howsam*, 537 U.S. at 84–85.  Therefore, although the initiation of the action is not subject to § 1927 sanctions, any filings by SSC after the Motion to Dismiss are so subject, especially given the statute's "incentive for attorneys to regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims."  *Steinert*, 440 F.3d at 1224; *Roth*, 388 F. Appx at 836.  Accordingly, the Court finds that an award of costs and attorneys' fees reasonably incurred in connection with Defendants' Reply

to SSC's Response to the Motion to Dismiss (Doc. # 14) and with Defendants'

Response to SSC's Cross Motion (Doc. # 16) is appropriate under § 1927.[5]

## III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED THAT:

1.      RKS and RK Mechanical's Motion to Dismiss, or Alternatively, to Stay

Proceedings (Doc. # 4) is DENIED IN PART to the extent it seeks dismissal under Fed.

R. Civ. P. 12(b)(1), GRANTED IN PART to the extent it seeks to stay the proceedings

pending arbitration, and STAYED IN PART to the extent it seeks dismissal under Fed.

R. Civ. P. 12(b)(6);

2.      SSC's Cross Motion to Stay Arbitration and Demand for Jury Trial (Doc.

# 12) is DENIED;

3.      The parties are directed to continue arbitration of the underlying dispute

according to the terms of the Subcontract's arbitration clause;

4.      This action shall be stayed pursuant to 9 U.S.C. § 3 until the conclusion

of arbitration;

---

[5] Defendant's also request attorneys' fees and costs on the grounds that SSC violated Rule 11 by filing groundless motions.  (Docs. ## 14 at 10; 16 at 8.)  Although Rule 11 and § 1927 have different procedures and underlying purposes, *see Hutchinson v. Hahn*, 402 F. Appx 391, 394 (10th Cir. 2010) (unpublished) (citing *Hamilton*, 519 F.3d at 1205; *Steinert*, 440 F.3d at 1224–25), courts generally view the two as alternative bases for imposing sanctions. *Colorado Chiropractic Council v. Porter Memorial Hospital*, 650 F. Supp. 231, 238 n.5 (D. Colo. 1986).  Therefore, although the Court concludes that SSC's unreasonable contentions in its Response to the Motion to Dismiss and Cross Motion may alternatively or additionally rise to Rule 11 violations, the Court finds that sanctions under § 1927 suffice.

5.      This case shall be ADMINISTRATIVELY CLOSED until the parties submit a status report regarding the conclusion of the proceedings before the AAA.  Such status report is to be submitted to the Court within 10 days of the AAA's decision;

6.      This Court shall retain jurisdiction to review, modify, or vacate any arbitration award, should any party choose to seek such action as permitted by the FAA;

7.      Defendants' request for attorneys' fees and costs incurred in connection with the Motion to Dismiss (Doc. # 4) is DENIED; and

8.      Defendants are permitted to submit within fourteen days of this order a motion and supporting documentation for reasonable costs and attorneys' fees incurred in connection with their Reply to SSC's Response to the Motion to Dismiss (Doc. # 14) and their Response to SSC's Cross Motion to Stay Arbitration.  (Doc. # 16.)  Such motion shall comply with the requirements set forth in Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

DATED:  October __31__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge