IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-01488-CMA-MEH

UNITED STATES OF AMERICA, for the use of
SUPERIOR STEEL CONNECTORS CORPORATION,

    Plaintiff,

v.

RK SPECIALTIES INC.;
RK MECHANICAL INC.;
GREAT AMERICAN INSURANCE COMPANY,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DENYING AS MOOT PLAINTIFF'S MOTION TO CONFIRM THE ARBITRATION AWARD AND ENTER FINAL JUDGMENT**

---

This matter is before the Court on "Defendants [*sic*] Motion for Attorneys' Fees" (Doc. # 28), "Plaintiff's Motion for Reconsideration of Order Granting Attorneys [*sic*] Fees in Connection with Motion to Stay Arbitration" (Doc. # 29), and "Plaintiff's Motion to Confirm Arbitrator's Award and for Entry of Final Judgment Thereon Pursuant to Rule 54(b)" (Doc. # 31). For the reasons that follow, Defendants' motion for attorneys' fees is granted in part and denied in part, Plaintiff's motion for reconsideration is denied, and Plaintiff's motion to confirm the arbitration award and to enter final judgment is denied as moot.

## I. <u>BACKGROUND</u>

The facts and procedural history of this case are familiar to the parties and are set forth in this Court's October 31, 2011 "Order Staying Proceedings Pending Arbitration." (*See* Doc. # 27.) That Order, in addition to staying the proceedings pending arbitration, also permitted Defendants to submit "a motion and supporting documentation for reasonable costs and attorneys' fees incurred in connection with their Reply to [Plaintiff] SSC's Response to the Motion to Dismiss (Doc. # 14) and their Response to SSC's Cross Motion to Stay Arbitration (Doc. # 16)." (Doc. # 27 at 16.) Defendants subsequently filed such a motion and documentation, requesting attorneys' fees in the amount of $5,477.50. (Doc. # 28.) Plaintiff did not oppose Defendants' request but, rather, filed a motion asking the Court to reconsider its initial decision to permit Defendants to seek their reasonable attorneys' fees. (Doc. # 29.) Thereafter, Defendants requested additional attorneys' fees for having to respond to Plaintiff's motion to reconsider. (Doc. # 30.)

Meanwhile, the parties proceeded to arbitrate their underlying dispute until, on April 13, 2012, the arbitrator issued an award in favor of Plaintiff "in full settlement of all claims and counterclaims submitted in [the] arbitration." (Doc. # 31-2 at 23.) On May 14, 2012, Plaintiff moved for the Court to confirm the arbitrator's award and to enter final judgment under Fed. R. Civ. P. 54(b). (Doc. # 31.) Plaintiff also requested attorneys' fees incurred in connection with its motion and other post-award efforts to obtain payment of the award. (*Id.* at 7.) Defendants responded on June 4, 2012, informing

the Court that they had recently paid to Plaintiff the full amount of the award but disputing that Plaintiff was entitled to any post-award attorneys' fees.[1]

## II. DISCUSSION

The Court will address first Plaintiff's motion for reconsideration, because granting it would preclude the need to consider the reasonableness of Defendants' motion for attorneys' fees.

### A. MOTION TO RECONSIDER

As Defendants note, although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration are routinely entertained, in one form or another, by federal courts. Such motions "must do two things: First, [they] must demonstrate some reason why the court should reconsider its prior decision. Second, [they] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988) (quotation marks and citation omitted).

The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must, "among other things, present matter that is material and of such importance that it would likely alter the outcome . . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir.

---

[1] Plaintiff did not file a reply.

3

1991). Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. Filing a motion that fails to meet these standards can trigger an award of attorneys' fees to the opposing party under 28 U.S.C. § 1927 and/or Fed. R. Civ. P. 11.

In the instant case, Plaintiff's motion to reconsider is without merit. Plaintiff does not cite any intervening change in controlling law or new evidence previously unavailable and does not even argue that reconsideration of the Court's Order is required to correct clear error or prevent manifest injustice. (*See* Doc. # 29.) Additionally, Plaintiff cites no case law nor provides any other legal authority to support its request. Further, other than asking the Court not to award attorneys' fees to Defendants, the only other relief Plaintiff requests – *i.e.*, to "[m]aintain this case on the Court's docket as an active case but stay further proceedings pending the completion of arbitration" (*id.* at 3) – is, for all practical purposes, the disposition reached by the Court in its October 31, 2011 Order. Accordingly, Plaintiff fails to provide any appropriate grounds for the Court to reconsider its Order.

Under 28 U.S.C. § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under § 1927 is appropriate when "an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the

court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted." *Eberly v. Manning*, 258 Fed. Appx. 224, 227 (10th Cir. 2007) (unpublished). The Tenth Circuit does not require a finding of bad faith under § 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). An award under § 1927 is granted "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotation marks and citations omitted). However, § 1927 can be imposed on counsel who "repeatedly attempt to litigate matters that have been decided or who continue to pursue claims that are no longer reasonable." *Sangui Biotech Intern., Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1243-44 (D. Colo. 2002).

In the instant case, based on the foregoing analysis regarding Plaintiff's motion to reconsider, the Court agrees with Defendants that Plaintiff "unreasonably multiplied the proceedings and needlessly increased the costs of litigation" by filing the motion to reconsider. (Doc. # 30 at 6.) As such, Defendants are entitled to their reasonable costs and attorneys' fees, under § 1927, in connection with having to respond to Plaintiff's motion.[2]

---

[2] Having granted Defendants request under § 1927, the Court declines to also order sanctions against Plaintiff under Rule 11, despite having the power to do so. *See, e.g.*, *Shields*, 120 F.R.D. at 127 ("Having found that the motion for rehearing was frivolous, I conclude that the plaintiff filed it in violation of both Rule 11 and 28 U.S.C. § 1927.").

## B. MOTION FOR ATTORNEYS' FEES

Because Plaintiff is not entitled to reconsideration of the Court's October 31, 2011 Order, the Court will address Defendants' motion for attorneys' fees on the merits.

Before awarding attorneys' fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The first step is to determine the number of hours reasonably spent by the prevailing party's counsel. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time devoted to a particular task appears reasonable in light of the case's complexity, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, indicating how much time was allotted to specific tasks. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2 (D. Colo. Sept. 13, 2010) (unpublished). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Although courts must exclude from the fee award hours not reasonably expended, they need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not

result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Once the Court has determined the number of hours reasonably spent, it must then decide a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The party requesting fees has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. *Id*.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. *Hensley*, 461 U.S. at 433.

In the instant case, because Plaintiff did not oppose Defendants' request for attorneys' fees, the need for written findings is greatly diminished, if not entirely nonexistent. *See, e.g.*, *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (observing that "[i]t would be pointless to require a district court to make written findings" concerning a request for attorneys' fees "where the opposing party does not contest the amount of the award"). Accordingly, the Court will conduct a truncated analysis.

After having reviewed the affidavit of Defendants' attorney, Steven R. Kabler (Doc. # 28-1), as well as Mr. Kabler's supporting billing records (Doc. # 28-2), the Court

determines that the total number of hours claimed by Defendants for Mr. Kabler's work – 14.9 – appears to have been reasonably spent responding to Plaintiff's motion to dismiss and responding to Plaintiff's cross motion to stay arbitration. None of the documented time he devoted to discrete tasks appears unreasonable, nor are the hours reported disproportionate to his level of experience. Mr. Kabler's billing entries are detailed, adequately explaining the amount of time spent on each task. (*See id.*) The Court further concludes that Mr. Kabler's rate of $225/hour is a reasonable rate of hourly compensation. Finally, the Court has verified Defendants' calculation and agrees with their assertion that $3,352.50 is the correct total dollar amount of their attorneys' fees for Mr. Kabler.

However, as to Milo D. Miller, in-house General Legal Counsel for Defendants RK Specialties and RK Mechanical, the Court is unable to assess the reasonableness of Defendants request because no supporting billing records were submitted for Mr. Miller's time. *See Eckerhart*, 461 U.S. at 437 ("The applicant should exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (same). Although Defendants are correct that attorneys' fees are awardable where the work was performed by a salaried attorney and that this Court has previously awarded fees to such an attorney, appropriate documentation is a prerequisite for the Court to do so. For example, in *Gen. Steel Domestic Sales, LLC v. Tomson's Dry Spray, Inc.*, 10-cv-02972, 2011 WL

1379773 (D. Colo. April 12, 2011) (unpublished), this Court awarded attorneys' fees to an in-house attorney, but the attorney had submitted a detailed log of the time spent on discrete tasks. Absent such documentation, the Court cannot determine the amount of time reasonably spent by Mr. Miller. As such, the Court will not award Defendants the $2,125 requested for Mr. Miller.

**C.      MOTION TO CONFIRM ARBITRATION AWARD AND ENTER FINAL JUDGMENT**

As stated previously, Defendants assert, and Plaintiff does not deny that, the month after the arbitrator issued the award, Defendants paid in full the amount owed to Plaintiff. Accordingly, the Court need not confirm the award or enter final judgment under Rule 54(b).

As to Plaintiff's request for attorneys' fees incurred in connection with its motion and other post-award efforts to obtain payment of the award, Plaintiff provides no authority to support its alleged entitlement to such fees. Plaintiff asserts that it was the "substantially prevailing party" at arbitration "and accordingly is entitled to attorneys [*sic*] fees and costs." (Doc. # 31 at 6.) But Defendants do not dispute that assertion and have, in fact, paid Plaintiff such fees and costs. (*See* Doc. # 32 at 2.) However, Plaintiff provides no explanation for how an award of fees and costs at arbitration entitle it to fees incurred in any **post-award** efforts. Because Plaintiff has failed to provide a reasonable basis for its request for attorneys' fees, the Court declines to award it any.

## III. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. "Defendants [*sic*] Motion for Attorneys' Fees" (Doc. # 28) is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendants are entitled to $3,352.50 in attorneys' fees for Mr. Kabler's documented hours.

    b. Defendants are not entitled to the $2,125 requested for Mr. Miller's undocumented time.

2. "Plaintiff's Motion for Reconsideration of Order Granting Attorneys [*sic*] Fees in Connection with Motion to Stay Arbitration" (Doc. # 29) is DENIED.

3. Defendants are permitted to submit within fourteen days of this Order a motion and supporting documentation for reasonable costs and attorneys' fees, under 28 U.S.C. § 1927, in connection with their response to Plaintiff's reconsideration motion. Defendants' motion shall comply with the requirements set forth in Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.3.

4. "Plaintiff's Motion to Confirm Arbitrator's Award and for Entry of Final Judgment Thereon Pursuant to Rule 54(b)" (Doc. # 31) is DENIED AS MOOT, and Plaintiff's imbedded request for attorneys' fees is DENIED.

5.      The case is DISMISSED, although the Court retains jurisdiction for purposes of ruling on any motion for attorneys' fees.

DATED:  August   10   , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge